**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR MANUEL JR BAEZ, an individual, | No.  1:25-cv-01638 JLT CDB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS TO REMAND |
| v. | |
| GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1 to 10, inclusive, | (Doc. 6) |
| Defendants. | |

Victor Manuel Jr Baez seeks to remand this action to the Superior Court of the State of California for the County of Kern.  (Doc. 6.)  The Court has considered the parties' briefing and, for the reasons explained below, **GRANTS** Plaintiff's motion to remand without prejudice.

I.      BACKGROUND

In August 2023, Plaintiff purchased a 2023 Chevrolet Colorado, which is manufactured and/or distributed by Defendant. (Doc. 1-1 at 6.)  At the time of purchase, Plaintiff received express and implied warranties relating to the pickup's performance. (*Id.* at 7–9.)  Plaintiff alleges the truck suffered defects, but Defendant and/or its authorized service and repair facilities willfully failed to promptly service or repair it, or make restitution to Plaintiff, to conform it to Defendant's warranties. (*Id.* at 7–9.)  Thus, Plaintiff filed this action for breach of implied and express warranties under the Song-Beverly Consumer Warranty Act against Defendant and

1

DOES 1–10.  (Doc. 1-1.)

Four months later, Defendant filed a notice of removal to federal court under 28 U.S.C. § 1332(a)(1), arguing that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  (Doc. 1 at 3.)  For purposes of diversity, Defendant asserts that Plaintiff is a California citizen based on Plaintiff's complaint wherein he states he is a resident of Kern County.  (*Id.*)  However, Defendant also claims that the complaint is indeterminate as to Plaintiff's citizenship because Plaintiff only states that he resides in California and not that he intends to remain there indefinitely.  (*Id.* at 7–8.)  Defendant is a limited liability company with its principal place of business in Michigan.  Defendant's sole member is General Motors Holding LLC.  (*Id.* at 3.)  General Motors Holding LLC is a Delaware LLC with its principal place of business in Michigan.  (*Id.*)  General Motors Holdings LLC's sole member is General Motors Company.  (*Id.*)  General Motors Company is a Delaware corporation with its principal place of business in Michigan.

Pursuant to California Code of Civil Procedure § 871.24, Plaintiff provided Defendant with a copy of the pickup's sales agreement and repair orders on June 5, 2025, 56 days before Plaintiff filed his complaint.  (Doc. 6-1 at 2–3.)  On October 3, 2025, 52 days before Defendant filed its notice of removal, Plaintiff produced copies of the sales agreement and repair orders to Defendant.  (*Id.* at 3.)  Plaintiff alleges the sales agreement identifies the total sales price, but he does not attach the sales agreement to any filing.  (*Id.*)

Defendant claims that Plaintiff purchased the truck for $74,451.75, but the cited attachment does not provide any purchase price details.  (Docs. 9 at 27; 9-2.)  Defendant also alleges, without supporting documentary evidence, that the cash price for Subject Vehicle was $45,006.  (Doc. 9 at 27.)  Defendant claims the amount in controversy is met because Plaintiff seeks $27,671.26 in actual damages, $55,342.52 in civil penalties, and at least $15,000 in attorneys' fees.  (Doc. 9 at 27–28.)

On December 22, 2025, Plaintiff moved to remand on the basis that Defendant (1) waived its right to remove by failing to file a notice of removal within 30 days of receiving Plaintiff's complaint or Subject Vehicle's sales agreement and repair orders; and (2) failed to establish

2

removal is substantively proper.  (Doc. 6 at 2, 14.)

## II.    LEGAL STANDARD

A lawsuit filed in state court may be removed to federal court if the court would have original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  Defendants desiring to remove a civil action to federal court must file a notice of removal containing a short and plain statement of the grounds for removal, . . ."  28 U.S.C. § 1446(a).  Defendants need only allege that the parties are diverse and that the amount in controversy exceeds $75,000 to establish diversity jurisdiction.  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); *see also Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (endorsing the holding in *Ellensburg*).

But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Acad. Of Country Music*, 991 F.3d at 1061 (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Thus, in the removal, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996) (citation omitted).  This burden is assessed by a preponderance of evidence.  *Id.*  "[T]he court may [also] remand for defects other than lack of subject matter jurisdiction [] upon a timely motion to remand."  *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014)

In evaluating the amount in controversy, courts first "consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy."  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citations and internal quotation marks omitted).  When the plaintiff's complaint "does not contain any specific amount of damages sought, the party seeking removal . . . bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount."  *Lewis v. Verizon*

3

*Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (citations omitted).  The amount in controversy is "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Id.* at 400.  The removing party's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  The defendant must support its jurisdictional allegations with "competent proof" and cannot rely on "mere speculation . . . with unreasonable assumptions."  *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Ibarra v. Manheim Invs.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Courts may consider the complaint, the notice of removal, and the opposition to plaintiff's motion to remand.  *Quinonez v. FCA US LLC*, No. 2:19-cv-2032, 2020 WL 3397565, at *2 (E.D. Cal. June 19, 2020).  Courts may also consider affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Ibarra,* 775 F.3d at 1197 (citations omitted).

For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An LLC is a citizen of the state(s) of which its owners or members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Further, "because a member of a limited liability company may itself have multiple members . . . the federal court needs to know the citizenship of each 'sub-member' as well."  *Delay v. Rosenthal Collins Group LLC*, 585 F.3d 1003, 1005 (9th Cir. 2009).  As to the Doe defendants, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

The Ninth Circuit has explained three potential procedural pathways for removal of an action to state court.  *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1124 (9th Cir. 2013).  28 U.S.C. § 1446(b)(1) provides a 30-day deadline for filing a notice of removal after the defendant receives a copy of the initial pleading or service of summons, whichever period is shorter.  28 U.S.C. § 1446(b)(1).  If the case is not removable from the initial pleading, removal

must occur within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). In either case, the 30-day clock begins once removability is "unequivocally clear and certain" from the applicable pleading or "other paper." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091–93 (9th Cir. 2021). The Ninth Circuit has recognized a third pathway in *Roth* where a defendant may remove the action after 30 days if the plaintiff "fail[s] to reveal information in the complaint showing removability," so long as neither 30-day deadline was triggered and then lapsed. 720 F.3d at 1125–26. However, a defendant must still file a notice of removal within one year of the commencement of the action in diversity cases not subject to the Class Action Fairness Act of 2005. *Id.* at 1126; *see also* 28 U.S.C. § 1446(c)(1).

**III.    ANALYSIS**

### A.    The Pleadings are Indeterminate as to Plaintiff's Citizenship

The citizenship of a natural person is determined based on his state of domicile, not his state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain indefinitely or where he has resided in the past and intends to return. *Id.* Although a person's current residence may be a factor, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* For this reason, allegations of residence are insufficient to establish diversity jurisdiction. *Id.* at 857–58.

In his complaint, Plaintiff alleges he "is, and at all times relevant herein was, a resident of Delano, California," but provides no information on whether he intends to remain in California. (Doc. 1-1 at 6.) The Court finds this information indeterminate and insufficient to establish Plaintiff's citizenship. Nevertheless, Defendant claims Plaintiff is a California citizen, and crucially, Plaintiff implicitly concedes that he is as well. (Docs. 1 at 3; 6 at 8.) In his motion to remand, Plaintiff does not challenge Defendant's claim and argues the complaint was not indeterminate as to his citizenship because it expressly states he is a California resident. (Doc. 6 at 8.) Thus, the Court finds that this motion provides facts that establish the matter's removability and "cures" the premature filing of the notice of removal. *See Hunting v. Xium Corp.*, No. 1:10-

cv-01844, 2010 WL 5059675, at *4 (E.D. Cal. Dec. 3, 2010).

**B.    The Pleadings are Indeterminate as to the Amount in Controversy**

The complaint does not state the amount in controversy or provide any values from which Defendant could calculate actual damages.  Rather, Plaintiff asserts that Defendant should have been able to ascertain the amount in controversy exceeded $75,000 based on (1) Defendant's "sophisticated knowledge of the motor vehicle industry" and (2) "the nature and monetary relief sought." (Doc. 6 at 13.)  Both reasons fail to provide Defendant with a sufficient basis to determine the amount in controversy.

To save courts from inquiring "into the subjective knowledge of [a] defendant," the Ninth Circuit in *Kuxhausen* "concluded that [the defendant] was not obligated to supply information which [the plaintiff] has omitted. *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1141 (9th Cir. 2013).  Accordingly, the *Kuxhausen* court "declined to hold that materials outside the complaint start the thirty-day clock." *Id.* (citations omitted).  Thus, any specialized knowledge Defendant may possess concerning Subject Vehicle's purchase price is irrelevant to finding whether the complaint is indeterminate to the amount in controversy.

In the complaint, Plaintiff seeks restitution for the purchase of the vehicle, incidental and consequential damages, civil penalties of two times the actual damages, and attorneys' fees. (Doc. 1-1 at 10.)  However, Plaintiff does not provide any information in his initial complaint to ascertain the purchase price of truck or other damages.  A non-speculative estimate of actual damages is required for a court to evaluate the amount in controversy. *See Garcia v. FCA US LLC*, No. 1:24-cv-01116, 2025 WL 2982589, at *5 n.3 (E.D. Cal. Oct. 23, 2025) ("[Defendant] inexplicably cites the $36,141.68 purchase price as Plaintiff's actual damages without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages.") (citation omitted.)  Moreover, "[i]f the amount of actual damages is speculative, [], an attempt to determine the civil penalty is equally uncertain." *West v. FCA US LLC*, No. 1:24-cv-00293, 2024 WL 3298911, at *6 (E.D. Cal. July 3, 2024) (citation omitted); *see also Castillo v. FCA USA, LLC*, No. 19-cv-151, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (the civil penalty cannot be assumed without "showing that such a

civil penalty is more likely than not to be awarded.")  "Courts have [also] been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with evidence of attorneys' fees awards in similar cases." *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) (citation and internal quotation marks omitted.)  The civil case cover sheet accompanying the complaint indicates Plaintiff is seeking damages above $35,000 pursuant to the state court's unlimited jurisdiction, but that amount is speculative and is $40,000 less than the amount required for removal.  (Doc. 1-1 at 3.) Furthermore, Plaintiff does not provide a reasonable estimate for any attorneys' fees.

The sales agreement and repair orders for the truck, which Plaintiff provided Defendant on June 5, 2025, and October 3, 2025, do not cure this defect.  First, documents defendants receive prior to the initial pleading do not trigger the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1). *Carvahlo v. Equifax Info. Servs.,* 629 F.3d 876, 886 (9th Cir. 2010).  Thus, the June 5 documents are irrelevant when determining if Defendant's notice of removal is timely. Second, while the sales agreement provided on October 3 would be considered an "other paper" under 28 U.S.C. § 1446(b)(3) for which Defendant could ascertain the amount in controversy, neither party has provided the Court with a copy of the sales agreement.  Consequently, it is impossible for the Court to determine whether Defendant could have ascertained the amount in controversy from the documents Plaintiff provided.  Thus, removability was not unequivocally clear and certain from the applicable pleading or other paper to trigger either 30-day deadline under 28 U.S.C. § 1446(b).  Accordingly, Defendant timely filed its notice of removal within the one-year deadline provided by *Roth* and 28 U.S.C. § 1446(c)(1).

### C.      The Amount in Controversy is Uncertain

"A defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.  A defendant "must submit additional evidence, such as the purchase agreement of the vehicle to guide the interpretation of the damages sum stated in the complaint." *Sauceda v. FCA US LLC*, No. 1:24-cv-01018, 2025 WL 3042355, at *3 (E.D. Cal. Oct. 31, 2025).

Ultimately, Defendant fails to establish the amount in controversy exceeds $75,000 for the

same reason Plaintiff failed to show the amount in controversy was unequivocally clear from the pleadings or other papers.  Defendant calculates actual damages by subtracting from the purchase price the estimated mileage offset, third-party contracts offset, and estimated amount in unpaid financing, but Defendant has not provided the Court with sufficient evidence to calculate these amounts.  (*See* Doc. 9 at 27.)  For example, Defendant asserts that the purchase price is substantiated by its purchase agreement, but instead of attaching the purchase agreement to its opposition brief, Defendant attached a copy of Plaintiff's complaint.  (Docs. 9 at 27; 9-1 at 2; 9-2.)  As noted, the Complaint does not allege the purchase price, so this document does not support Defendant's claim. Also, Defendant provides no evidence to substantiate that $45,006 was the "cash price." Despite this, Defendant used this figure to calculate the estimated mileage offset and the $14,895 offset amount for third-party contracts.

The only evidence upon which the Court may rely to determine the amount in controversy is the amount financed by Safe One Credit Union and the remaining.  (Doc. 9-3 at 1.) However, Defendant has not demonstrated that this amount establishes, by a preponderance of evidence, Plaintiff's actual damages.  Moreover, Defendant's assumptions are mathematically faulty and erroneously inflate its actual damages calculation.

Defendant's asserted actual damages are speculative, and therefore the claimed civil penalty is equally speculative.  *See West*, 2024 WL 3298911, at *6.  Accordingly, Defendant fails to establish the amount in controversy for this matter exceeds $75,000 and thus the Court lacks subject matter jurisdiction.

**IV.   CONCLUSION**

For the reasons addressed above, Plaintiff's motion to remand, Doc. 6, is **GRANTED** without prejudice.


IT IS SO ORDERED.

Dated:   __**May 20, 2026**__

UNITED STATES DISTRICT JUDGE

8